Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50327 | **DATE** | 11/19/2003 |
| **CASE TITLE** | Perry vs. Peterson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants summary judgment as to all defendants on both of plaintiff's claims and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | NOV 20 2003 date docketed |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials |
| ✓ | Mail AO 450 form. | | |
| ✓ | Copy to judge/magistrate judge. ✓ | | NOV 20 2003 date mailed notice |

LC / courtroom deputy's initials

Date/time received in central Clerk's Office / mailing deputy initials

Document Number: 40

# MEMORANDUM OPINION AND ORDER

Plaintiff, Lenny Perry, an inmate at the Dixon Correctional Center at the time of the alleged Constitutional misconduct, filed a complaint alleging that his First Amendment rights were violated when defendants retaliated against him for filing a grievance by transferring him to another institution and that he was denied equal protection under the Fourteenth Amendment when he was removed from his job in dietary because of his race (African-American). Defendants have moved for summary judgment on both claims.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Windle v. City of Marion, 321 F. 3d 658, 660 (7th Cir. 2003).

An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution. DeWalt v. Carter, 224 F. 3d 607, 618 (7th Cir. 2000). A prison official may not retaliate against a prisoner because that prisoner filed a grievance. DeWalt, 224 F. 3d at 618. Such a retaliation can include transferring of the prisoner. Babcock v. White, 102 F. 3d 267, 275 (7th Cir. 1996). To establish a claim of retaliatory treatment, a prisoner need only show a chronology of events from which retaliation may be inferred. DeWalt, 224 F. 3d at 618. This burden, however, is high. Babcock 102 F. 3d at 275. The prisoner must establish that his protected conduct was a motivating factor behind the allegedly retaliatory conduct because the ultimate question is whether the events would have transpired differently absent the retaliatory motive. Babcock, 102 F. 3d at 275. Thus, it will not suffice to show that a defendant's desire to retaliate played a substantial part in the complained-of conduct where a defendant can show that conduct would have occurred anyway. Babcock, 102 F. 3d at 275.

In this case, plaintiff has failed to show that his transfer to another institution was in any way connected to, or prompted by, his having filed a grievance. Plaintiff offered no evidence from anyone involved in the decision to transfer him let alone any evidence suggesting he was transferred in retaliation for filing a grievance. Furthermore, the undisputed evidence shows that none of the named defendants were involved in plaintiff's transfer. Accordingly, the court grants summary judgment on plaintiff's retaliation claim.

As for equal protection, unless it is narrowly tailored to serve a compelling state interest, racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth Amendment. DeWalt, 224 F. 3d at 618. A plaintiff asserting an equal protection violation must establish that a state actor has treated him differently than persons of a different race and that the state actor did so purposefully. DeWalt, 224 F. 3d at 618.

Here, plaintiff has failed to provide evidence to establish the elements of an equal protection claim. His own assertion that he could "feel the negative vibes" when he worked in dietary is simply too non-specific to imply racial discrimination. His reliance on a statement by a fellow inmate who "overheard them talking" is likewise lacking in specific racial content to substantiate an equal protection claim.

As for that inmate himself, he stated in his deposition that on one occasion he heard one of the defendants make a racially derogatory comment about African-Americans. He could identify no other instance of any racially discriminatory remarks or conduct by any defendant. Nor did he testify about any racially motivated remarks or conduct specifically regarding plaintiff.

Plaintiff's evidence falls far short of that needed to give rise to an inference that he was removed from his dietary assignment for racial reasons as opposed to the identified and documented reasons of poor job performance. It is undisputed that any of the instances of poor job performance would have justified his removal from dietary. Furthermore, it would appear from the undisputed evidence that plaintiff was given multiple warnings and opportunities prior to his being removed from dietary. This is entirely contrary to a claim of racial animus. Because there is no evidence to support plaintiff's equal protection claim, the court grants summary judgment on that claim as well.

Based on the foregoing, the court grants summary judgment as to all defendants on both of plaintiff's claims and dismisses this cause in its entirety.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Lennie Perry

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 00 C 50327

CFSSI Peterson, et al.

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the court grants summary judgment as to all defendants on both of plaintiff's claims and dismisses this cause in its entirety.

FILED-WD
03 NOV 19 PM 3:30
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 11/19/2003

Susan M. Wessman, Deputy Clerk